STODART v. MUTUAL FILM CORP. et al.

(Circuit Court of Appeals, Second Circuit. February 13, 1918.)

No. 143.

Appeal from the District Court of the United States for the Southern District of New York.

Bill by Robert Stodart against the Mutual Film Corporation and the American Film Company, Incorporated. From a decree for complainant, defendants appeal. Affirmed.

For opinion below, see 249 Fed. 507.

Elijah N. Zoline, of New York City, and James P. Grier, of Chicago, Ill., for appellants.

Paul N. Turner, of New York City, for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. Decree affirmed.

REEVES v. YORK ENGINEERING & SUPPLY CO.*

(Circuit Court of Appeals, Fifth Circuit. March 25, 1918.)

No. 3066.

1. CORPORATIONS ☞426(9)—OFFICERS—RATIFICATION.

Where the president of a corporation, who had charge of its buying and selling, purchased machinery, and such machinery was installed by the corporation, and part of the price paid in accordance with the terms of the contract, there was a ratification of the president's act, regardless of his authority to purchase the machinery.

2. MECHANICS' LIENS ☞32—CONSTITUTIONAL LIENS—PERFECTION.

Under Const. Tex. art. 16, § 37, declaring that mechanics, artisans, and materialmen of every class shall have a lien upon the buildings or articles made or repaired by them for the value of their labor done thereon, or material furnished therefor, and that the Legislature shall provide for the speedy and effective enforcement of such liens, a seller of ice and refrigerating machinery, which was complete in itself and could be disconnected without injury from the purchaser's plant as it theretofore existed by unbolting four connections, is entitled to a lien thereon.

3. BANKRUPTCY ☞192—MECHANICS' LIENS—PERFECTION.

Claimant sold ice and refrigerating machinery to a Texas corporation which became a bankrupt. The machinery was complete in itself and could be disconnected without injury to the bankrupt's plant as it theretofore existed by unbolting four connections. Adjudication in bankruptcy followed less than a month after delivery, and claimant within four months of delivery filed the contract of sale which was in the form of a letter with an acceptance written thereon by the bankrupt. The letter showed that the bankrupt was engaged in manufacturing artificial ice at the place of its address. Held that as claimant had a materialman's lien under Const. Tex. art. 16, § 37, and as the requirements of Rev. St. Tex. 1911, arts. 5622–5627, providing for the filing of the contract within four months, are intended merely to give notice to persons other than the purchaser, claimant acquired a lien valid as against the trustee in

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

249 F.—33          *Rehearing denied May 28, 1918.